IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| KANDICE DENARD,<br><br>    Plaintiff<br><br>v.<br><br>NOVO NORDISK INC. and NOVO NORDISK A/S,<br><br>    Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Kandice Marie Denard_____.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: __N/A_____,
as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): __N/A_____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: __N/A_____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    __X__ Novo Nordisk Inc.

    __X__ Novo Nordisk A/S

    _____ Eli Lilly and Company

    _____ Lilly USA, LLC

    _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Chicago, Illinois

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Illinois

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Illinois

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Chicago, Illinois

10. Jurisdiction is based on:

    __X__  diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____  other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    Northern District of Illinois

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

  __N/A_____

## **PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__    Ozempic (semaglutide)

    _____    Wegovy (semaglutide)

    _____    Rybelsus (oral semaglutide)

    _____    Victoza (liraglutide)

    _____    Saxenda (liraglutide)

    _____    Trulicity (dulaglutide)

    _____    Mounjaro (tirzepatide)

    _____    Zepbound (tirzepatide)

    _____    Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic:  Approximately September 2021 – March 2024

5

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    __X__ Gastroparesis

    __X__ Other gastro-intestinal injuries (specify): Nausea, Vomiting, Abdominal Pain

    _____ Ileus

    _____ Ischemic Bowel/Ischemic Colitis

    _____ Intestinal Obstruction

    _____ Necrotizing Pancreatitis

    _____ Gallbladder Injury (specify): _____

    _____ Micronutrient Deficiency

    _____ Wernicke's encephalopathy

    _____ Aspiration

    _____ Death

    __X__ Additional/Other(s) (specify): Dehydration

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    Gastroparesis (March 2021)

    Nausea, Vomiting, Abdominal Pain (March 2021)

    Dehydration (March 2021

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    __X__ Injury to self

    _____ Injury to person represented

    __X__ Economic loss

    _____ Wrongful death

    _____ Survivorship

    _____ Loss of services

    _____ Loss of consortium

    _____ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

   __X__ Count I: Failure to Warn – Negligence

   __X__ Count II: Failure to Warn – Strict Liability

   __X__ Count III: Breach of Express Warranty/Failure to Conform to Representations

   __X__ Count IV: Breach of Implied Warranty

   __X__ Count V: Fraudulent Concealment/Fraud by Omission

   __X__ Count VI: Fraudulent/Intentional Misrepresentation

   __X__ Count VII: Negligent Misrepresentation/Marketing

   __X__ Count VIII: Strict Product Liability Misrepresentation/Marketing

   __X__ Count IX: Innocent Misrepresentation/Marketing

   _____ Count X: Unfair Trade Practices/Consumer Protection (see below)

   __X__ Count XI: Negligence

   __X__ Count XII: Negligent Undertaking

   _____ Count XIII: State Product Liability Act (see below)

   _____ Count XIV: Wrongful Death

   _____ Count XV: Loss of Consortium

   _____ Count XVI: Survival Action

   _____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       N/A_____

_____

_____

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

       N/A_____

_____

_____

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        N/A

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        N/A

    c. Identify the factual allegations supporting those claims:

        N/A

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?   N/A   . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:  January 14, 2026

                By:    */s/ Sarah J. Foster*
                        Sarah J. Foster, FL Bar No. 1018179
                        Jeffrey L. Haberman, FL Bar No. 98522
                        **SCHLESINGER LAW OFFICES, P.A.**
                        1212 SE Third Avenue
                        Fort Lauderdale, FL 33316
                        Telephone: (954) 467-8800
                        Fax: (954) 320-9509
                        sarah@schlesingerlaw.com
                        jhaberman@schlesingerlaw.com
                        *Attorneys for Plaintiff*